IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

ERIC S. FARR,

    Plaintiff,

v.                                 C.A. No.:    1:17-cv-6

FC LENDING, LTD.,
FMML, INC. and,
CLIFTON A. CRABTREE,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, ERIC S. FARR, (hereinafter sometimes referred to as "Plaintiff"), by and through his undersigned counsel, hereby sues Defendant, FC LENDING, LTD., FMML, INC., and CLIFTON A. CRABTREE (hereinafter sometimes referred to collectively as "Defendants"), and in support thereof states as follows:

## INTRODUCTION

1. This is an action by Plaintiff against his employer for unpaid overtime wages and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. Plaintiff seeks damages for unpaid overtime wages, liquidated damages, and a reasonable attorney's fee and costs.

## JURISDICTION

2. This claim is properly before this Court pursuant to 28 U.S.C. § 1331

since this claim arises under federal law, and by the private right of action conferred in 29 U.S.C. § 216(b).

## VENUE

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Plaintiff performed work for Defendants and incurred unpaid overtime wages while working Austin, Texas.

## THE PARTIES

4. Plaintiff is an individual residing in Austin, Texas.

5. Plaintiff was been employed by Defendant from approximately January 1, 2015, to September 20, 2016, as a "Retail Mortgage Loan Originator."

6. Defendant, FC LENDING, LTD., is a mortgage broker and operates an office in Austin, Texas, and Houston, Texas.

7. Defendant, CLIFTON A. CRABTREE, is an individual who at all times relevant to this matter acted directly or indirectly in the interest of Defendants, FC LENDING, LTD., and FMML, INC., in relationship to Plaintiff; therefore, are joint employers as defined by 29 U.S.C. § 203(d).

8. Defendant, CLIFTON A. CRABTREE, is an individual residing in Houston, Texas, and at all times material to this claim was substantially in control of the terms and conditions of the Plaintiff's work. Defendant, CLIFTON A. CRABTREE, was an employer of the Plaintiff as defined by 29 U.S.C. §203(d).

9. Defendant, CLIFTON A. CRABTREE, (1) possessed the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.

10. Defendant, FC LENDING, LTD., is a limited partnership formed and existing under the laws of the State of Texas and maintains offices in Austin, Texas and Houston, Texas.

11. Defendant, FMML, INC., is a corporation formed and existing under the laws of the State of Texas and is the general partner of Defendant, FC LENDING, LTD., maintains offices in Houston, Texas.

12. Defendants, FC LENDING, LTD., and FMML, INC., operate a mortgage brokerage and are employers as defined by 29 U.S.C. § 203(d).

13. Defendants, FC LENDING, LTD., and FMML, INC., have employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff was employed.

14. At all times material to this complaint, Defendants, FC LENDING, LTD., and FMML, INC., employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

15. At all times material to this complaint, Defendants, FC LENDING, LTD., and FMML, INC., were collectively an enterprise engaged in interstate

commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

16. At all times material to this Complaint, Defendants, FC LENDING, LTD., FMML, INC., and CLIFTON A. CRABTREE, were the employers of the Plaintiff, and as a matter of economic reality, Plaintiff was dependent upon Defendants for his employment.

17. At all times material to this complaint, Defendant had employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff was employed.

18. Additionally, Plaintiff performed work utilizing the channels of interstate commerce such as interstate telephone calls, facsimiles and the use of the internet to contact persons or entities outside of the state of Texas.

19. Throughout the employment of Plaintiff, Defendant repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than one and one-half times the regular rate for each hour in excess of 40 the Plaintiff worked in a workweek.

20. Plaintiff worked an average of approximately six (6) overtime hours per week during each week of his employment with Defendants.

21. Defendants paid Plaintiff on a commission basis, but did not include any additional overtime premium.

22. Defendants used the pay scheme alleged herein to intentionally and willfully avoid paying Plaintiff the correct amount overtime wages due to him as required by the Fair Labor Standards Act.

23. Defendants either knew about or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA and failed to act diligently with regard to their obligations as an employer under the FLSA.

24. Defendants acted willfully and failed to act reasonably to comply with the FLSA; therefore, Plaintiff is entitled to an award of liquidated damages in an equal amount as the amount of unpaid overtime wages pursuant to 29 U.S.C. § 216(b).

25. As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not paid that should have been paid.

26. Plaintiff is entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, ERIC S. FARR demands Judgment, jointly and severally, against Defendants, FC LENDING, LTD., FMML, INC., and CLIFTON A. CRABTREE, for the following:

a. Unpaid overtime wages found to be due and owing;

b. An additional amount equal to the amount of overtime wages found to be due and owing as liquidated damages;

c. Prejudgment interest in the event liquidated damages are not awarded;

d. Reasonable attorneys' fees, costs, expert fees, mediator fees and out of pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure; and,

e. For any such other relief as the Court may find proper, whether at law or in equity.

## JURY TRIAL DEMAND

Plaintiff, ERIC S. FARR, demands a jury trial on all issues so triable.

Respectfully submitted, January 6, 2017.

                                **ROSS LAW GROUP**

                                _____
                                **CHARLES L. SCALISE**
                                Texas Bar No. 24064621
                                Attorney-in-Charge
                                **DANIEL B. ROSS**
                                Texas Bar No. 00789810
                                1104 San Antonio Street
                                Austin, Texas 78701
                                (512) 474-7677 Telephone
                                (512) 474-5306 Facsimile
                                Charles@rosslawgroup.com